UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACOB BEN-ARI,

    Plaintiff,

v.                         Case No: 2:19-cv-301-FtM-99MRM

JEFF SESSIONS, United States
Attorney General,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on review of the file. Plaintiff initiated the case in the District of New Jersey by Administrative Complaint to Show Cause (Doc. #1) against the United States Attorney General. On May 14, 2018, the District of New Jersey granted leave to proceed without prepayment of fees, but stated that the Complaint would be screened in due course. (Doc. #5.) On November 20, 2018, plaintiff filed an Amended Complaint (Doc. #6).

Upon review of the Amended Complaint, the District of New Jersey noted that "Plaintiff is in substance challenging his indictment and subsequent 2008 conviction for mail fraud", and that such motion is governed by 28 U.S.C. § 2255. As a result, the case was transferred to the Middle District of Florida. (Doc. #8.) The Court agrees with the assessment of the District of New

Jersey and construes the Amended Complaint as a motion under 28 U.S.C. § 2255.

Plaintiff was indicted on October 22, 2008, on six counts of a scheme to defraud victims of money and property by wire and mail fraud. On December 16, 2009, a Superseding Indictment was returned charging three counts of mail fraud. On the first day of trial, a count was dismissed for lack of a witness, and plaintiff was found guilty by a jury on the remaining two counts. Plaintiff was sentenced, and judgment issued on August 15, 2011. See United States v. Jacob Ben-Ari, 2:08-cr-160-FTM-29DNF. Plaintiff filed a direct appeal, United States v. Ben-Ari, 537 F. App'x 828 (11th Cir. 2013), and pursued a writ of certiorari, Ben-Ari v. United States, 572 U.S. 1127 (2014), which was denied.

On January 31, 2019, the Court dismissed plaintiff's motion under 28 U.S.C. § 2255 as time-barred, found that the claim of actual innocence lacked merit or was unsupported, and denied an alternative request for relief from judgment under Fed. R. Civ. P. 60(b). Ben-Ari v. United States, No. 2:08-CR-160-FTM-29DNF, 2019 WL 399548, at *1 (M.D. Fla. Jan. 31, 2019). A certificate of appealability was also denied. Id. Judgment (Doc. #54) was issued on February 1, 2019, and the Opinion and Order and Judgment were not appealed.

Plaintiff seeks to "rescind" the Indictment as filed in bad faith by Assistant U.S. Attorney Robert P. Barclift, and because it was used to secure plaintiff's deportation. The motion raises the same evidence and arguments raised in the previously filed and dismissed habeas petition. To file a second or successive Motion under Section 2255, petitioner must obtain certification from the Eleventh Circuit Court of Appeals. 28 U.S.C. § 2255(h)[1]; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011), cert. denied, 132 S. Ct. 1001 (2012). There is no indication petitioner has since sought or obtained such certification from the Eleventh Circuit.

In the absence of an order authorizing the undersigned to consider a second or successive motion, the current Motion must be dismissed for lack of jurisdiction on this basis. Farris v. United

---

[1] Section 2255(h) provides that a second or successive motion must be certified to contain:

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

States, 333 F.3d 1211, 1216 (11th Cir. 2003); El-Amin v. United States, 172 F. App'x 942, 946 (11th Cir. 2006).

Accordingly, it is hereby

**ORDERED:**

1. The Amended Complaint (Doc. #6) construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DISMISSED** for lack of jurisdiction.  The Clerk shall enter judgment accordingly, terminate all pending deadlines, and close the file.  A certificate of appealability and leave to appeal *in forma pauperis* are denied.[2]

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. #3) is **DENIED** as the Court has no jurisdiction over this matter.

---

[2] A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted). Petitioner has not made the requisite showing.

3. Plaintiff's Motion, to Direct the Solicitor General to Provide Plaintiff With a Signed 'Waiver of Service,' or to Appoint Government Representation (Doc. #4) is **DENIED** as moot.

4. Plaintiff's Motion to Direct ICI to Issue Bond Cancellation Form I-132 (Doc. #7) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __21st__ day of May, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff